**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HERSCHEL C. KING, JR.,

    Plaintiff,

vs.                                                            Case No. 3:14-cv-460-J-34JBT

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 16; Report), entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on February 26, 2015. In the Report, Magistrate Judge Toomey recommends that the Commissioner of Social Security's (the Commissioner) decision that Plaintiff was not disabled be affirmed. On March 5, 2015, Plaintiff filed objections to the Report. See Plaintiff's Objections to Report and Recommendation Dated February 26, 2015 (Dkt. No. 17; Objections). The Commissioner then filed a response to the Objections on April 13, 2015. See Commissioner's Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 19; Response to Objections).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see

also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge to the extent that the Commissioner's decision will be affirmed. The Magistrate Judge correctly found that the Administrative Law Judge (ALJ) fulfilled his duty to fully and fairly develop the record and that the ALJ's failure to discuss the 2008 opinion by Plaintiff's treating physician, Dr. Phillip Goodwin, did not warrant remand. Additionally, the Magistrate Judge applied the correct legal standards in determining that Dr. Goodwin's 2009 medical opinions should be given no weight and in assessing Plaintiff's credibility.

Plaintiff's application for disability benefits is before this Court for the second time. See Report at 2. In a 2009 decision, the ALJ denied Plaintiff's application for benefits. See Transcript of Social Security proceedings (Dkt. No. 12; Tr.) at 10-25. In doing so, the ALJ determined that Dr. Goodwin's 2008 opinion was entitled to little weight, and that Plaintiff was capable of performing his past relevant work. See id. at 23-24. On appeal, this Court reversed the ALJ's 2009 denial of benefits because the ALJ relied on the wrong occupation in determining the requirements of Plaintiff's past relevant work. As such, the Court remanded the case to the Commissioner for further proceedings. See id. at 525-38. In 2013 the ALJ again considered Plaintiff's application. See id. at 489-524. The record before the

ALJ on remand contained two assessments by Dr. Goodwin, one completed on July 14, 2008, and a second completed on October 5, 2009. See id. at 415-16, 747.  The ALJ once again denied Plaintiff's application for benefits, and this appeal followed. See id. at 455-66.

In the Objections, Plaintiff contends that the ALJ failed to apply the correct legal standard in rejecting the opinions of his treating physician, Dr. Goodwin. See generally Objections. Specifically, he asserts that the ALJ failed to acknowledge or discuss Dr. Goodwin's 2008 opinion warranting remand. See id. at 2-4.  Additionally, with regard to Dr. Goodwin's 2009 opinion, Plaintiff asserts that the Magistrate Judge failed to address his specific objections to the ALJ's reasons for rejecting that opinion and further that the Magistrate Judge improperly relied on reasons other than those specifically articulated by the ALJ in upholding his rejection of the 2009 opinion. See id. at 4-8.

The Court turns first to Plaintiff's objection with regard to Dr. Goodwin's 2008 opinion. As he did before the Magistrate Judge, Plaintiff continues to object to the ALJ's failure to acknowledge or discuss Dr. Goodwin's 2008 opinion in the latest denial.  However, Plaintiff ignores the Magistrate Judge's conclusion that any error by the ALJ in failing to specifically address the 2008 opinion in his 2014 decision was "at most harmless error."  Indeed, in upholding the ALJ's decision, the Magistrate Judge stated "there is no reason for a remand because it is clear that the ALJ would still give this opinion little weight." Although Plaintiff continues to believe that the ALJ erred in failing to address the 2008 opinion anew, he fails to identify any error in the Magistrate Judge's conclusion that under the circumstances of this case, any such error was harmless.  For the reasons stated by the Magistrate Judge, the Court agrees that in light of the ALJ's previous determination that Dr. Goodwin's 2008

opinion should be accorded little weight, his failure to address it a second time in the 2014 decision is at most harmless error and does not warrant remand.

In the previous decision, the ALJ stated with particularity good reasons for rejecting Dr. Goodwin's 2008 opinion. Although that prior decision is a legal nullity, the ALJ sufficiently stated good reasons for giving the opinion little weight, and the Court can consider those reasons without "substitut[ing] our judgment for that of the [Commissioner]." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Under these circumstances, a reversal and remand would "amount to no more than an empty exercise." Stanton v. Astrue, 617 F. Supp. 2d 1205, 1222 (M.D. Fla. 2008) (citing Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000); see also Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principal of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is some reason to believe that the remand might lead to a different result."). Indeed, in Hall v. Comm'r of Soc. Sec., 148 Fed. Appx. 456 (6th Cir. 2005), the court recognized that where an ALJ properly addressed a treating physician's opinion in a prior decision, a failure to address it again in a subsequent post remand decision on the same application would be harmless error. 148 Fed. Appx. at 463-64. As such, the ALJ's failure to specifically discuss the 2008 opinion again is at most harmless error which does not warrant remand.

Plaintiff next objects to the Magistrate Judge's decision with regard to Dr. Goodwin's 2009 opinion. In doing so, he argues that the ALJ's determination that Dr. Goodwin's 2009 opinion was entitled to no weight was based on incorrect legal standards and was not supported by substantial evidence. See Objections at 6. The ALJ did discuss Dr. Goodwin's

October 5, 2009 opinion and explained why he gave the 2009 opinion "no weight." Tr. at 463. As noted by the Magistrate Judge, good cause to discount a treating physician's opinion exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir. 2004). The Court agrees with the Magistrate Judge's determination that the ALJ's stated reasons for rejecting the 2009 opinion constitute good cause for its rejection as the opinion was conclusory or otherwise not in harmony with the other evidence on record. Thus, the Court finds the ALJ's decision is not based on incorrect legal standards and further is supported by substantial evidence.

Plaintiff's next objection, that the ALJ erred by "not discuss[ing] the substantial medical evidence supporting Dr. Goodwin's opinion," is unavailing. Objections at 6. It is not the job of the Court to re-weigh the evidence or substitute its judgment for that of the ALJ. Bloodsworth, 703 F.2d at 1239. Rather, the Court is limited to determining "whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam). The Court finds that the ALJ cited substantial evidence supporting his credibility findings and his rejection of Dr. Goodwin's 2009 opinion.

Finally, Plaintiff contends that the Magistrate Judge erred by "discuss[ing] another portion of the ALJ's decision to find that the ALJ properly rejected Dr. Goodwin's [2009] opinion." Objections at 6-7. The undersigned need not address this argument. The Court agrees with the Magistrate Judge's conclusion that the reasons specifically articulated by the

-5-

ALJ with regard to Dr. Goodwin's 2009 opinion presented good cause for the rejection of that opinion. Thus, the Court need not address the additional determination that other portions of the ALJ's decision also support the rejection of this opinion.

Upon independent review of the Report, the Court will overrule the Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge to the extent stated in this Order.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Objections to Report and Recommendation Dated February 26, 2015 (Dkt. No. 17) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 16) is **ADOPTED** as the opinion of the Court to the extent set forth in this Order.

3. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of September, 2015.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc20

Copies to:

Counsel of Record

The Honorable Joel B. Toomey
United States Magistrate Judge